JAMES J. KELLEY *vs.* GEORGE L. PORTER.  June 9, 1970.  The plaintiff seeks by this bill in equity to have the defendant convey to a trustee property alleged to have been improperly conveyed to him.  He also seeks an accounting for the proceeds of a sale by the defendant of a portion of the property.  The case was referred to a master.  On the basis of the master's report a final decree was entered granting the relief prayed for.  The defendant appealed.  Pertinent facts found by the master include the following.  On May 9, 1944, the plaintiff's mother executed a declaration of trust which was duly recorded.  On the same day she acquired as trustee a parcel of real estate in Medway, which is

the subject of this controversy. This property constituted the res of the trust. The plaintiff was the sole beneficiary of the trust, which was to be irrevocable for a period of ten years. At the expiration of that period the trust could be terminated only by an election in writing, by the beneficiary, which was to be recorded. In 1954, two days after the expiration of the ten year period, the trustee conveyed the property to a straw, who reconveyed it to her and the defendant as joint tenants. The beneficiary of the trust (the plaintiff) was unaware of the existence of the trust until shortly before this suit was brought, and at no time elected to terminate the trust; nor was there any consideration more than nominal for the conveyances of the trust property to the straw and to the joint tenants. Subsequently, the plaintiff's mother having died, the defendant as the surviving joint tenant sold a portion of the property (lot 1) for $2,500. Under the final decree the defendant was ordered to convey the property to a trustee appointed by the court (see G. L. c. 203, § 5) and to account for the proceeds of that portion of the property which he had sold. Whether the 1954 transactions are viewed either as a sale of the property or as a termination of the trust, they clearly violated the terms of the trust. Under those terms, fairly construed, the property could not be sold for a nominal consideration and there could be no termination of the trust without the consent of the plaintiff. Neither of these conditions was satisfied. The conclusion of the master that the plaintiff was not guilty of laches was amply supported by his subsidiary findings. The final decree, however, requires modification. Paragraph (3) of the decree orders a conveyance to the trustee of *all* of the real estate originally in the trust. But a portion (lot 1) has been sold and the decree orders the defendant to account for the proceeds of the sale. The decree should be modified so as to require a conveyance to the trustee of only that portion of the real estate (lot 2) now held by the defendant, and, as so modified, the decree is affirmed. The interlocutory decrees are affirmed. The plaintiff is to have costs of appeal.

*So ordered.*

The case was submitted on briefs.
*A. T. Handverger* for the defendant.
*Edward J. Mahan* for the plaintiff.